UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT B.,

      Plaintiff,

v.              6:17-CV-0508
                (DJS)

COMM'R OF SOC. SEC.,

      Defendant.
_____

**APPEARANCES:**         **OF COUNSEL:**

LAW OFFICES OF STEVEN R. DOLSON  STEVEN R. DOLSON, ESQ.
Counsel for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.    PETER W. JEWETT, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
Counsel for Defendant
26 Federal Plaza - Room 3904
New York, New York 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

Currently before the Court, in this Social Security action filed by Robert B. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt.

Nos. 10 & 12. For the reasons set forth below, Plaintiff's Motion is granted and Defendant's Motion is denied. The Commissioner's decision denying Plaintiff's disability benefits is reversed and the matter remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1969, making him 44 years old at the application date and 46 years old at the date of the ALJ's decision. Dkt. No. 9, Admin. Tr. [hereinafter "Tr."] at p. 217.[1] Plaintiff reported completing the eighth grade. Tr. at p. 222. Plaintiff has past work as a car wash worker, a cashier, clerk, garbage man, and security officer. *Id.* At the initial review level, Plaintiff alleged disability due to a learning disability, poor hearing in the right ear, asthma, scoliosis, and intermittent explosive disorder. Tr. at p. 221.

### B. Procedural History

Plaintiff applied for Supplemental Security Income on June 27, 2014, alleging disability beginning October 1, 2010. Plaintiff's application was initially denied on November 24, 2014, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff appeared at a hearing before ALJ Michael Carr on June 7, 2016. At the hearing, Plaintiff amended his alleged onset date to October 20, 2012. Tr. at p. 17. On September 28, 2016, the ALJ issued a written decision finding Plaintiff was not disabled

---

[1] Citations to the Administrative Transcript will be referenced as "Tr." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

under the Social Security Act. Tr. at pp. 14-28. On April 11, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at p. 1.

### C. The ALJ's Decision

The ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 27, 2014, the application date. Tr. at p. 19. Second, the ALJ found that Plaintiff's alleged impairments including degenerative disc disease ("DDD"), generalized anxiety disorder, panic disorder, intermittent explosive disorder, and depressive disorder are severe impairments. *Id*. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 19-21. Specifically, the ALJ considered the criteria of Listings 1.04 (disorders of the spine), 12.00 (adult mental disorders), 12.04 (depressive, bipolar and related disorders), and 12.06 (anxiety and obsessive-compulsive disorders). *Id*. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work except he

> can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; cannot climb ladders, ropes, or scaffolds; limited to performing simple, routine tasks and to making simple work-related decisions; can tolerate occasional contact with coworkers and supervisors, but cannot tolerate contact with the general public.

Tr. at p. 21. Fifth, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. at p. 24. Sixth, the ALJ found that there are jobs existing in significant numbers in the national economy that Plaintiff can perform. Tr. at pp. 24-25. The ALJ therefore concluded that Plaintiff was not disabled.

### D. The Parties' Briefings on Their Cross-Motions

*1. Plaintiff's Motion for Judgment on the Pleadings*

Plaintiff makes two arguments in support of his motion for judgment on the pleadings. Dkt. No. 10 ("Pl.'s Mem. of Law") at pp. 5-12. First, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ did not properly apply the treating physician rule. *Id*. at pp. 5-11. Specifically, Plaintiff argues that Nathaniel Gould, M.D., is a treating physician and that Plaintiff's extensive treatment history with Dr. Gould stands in stark contrast to the ALJ's reasoning for discounting Dr. Gould's opinion. *Id*. at pp. 6-9. Plaintiff argues that the ALJ failed to recognize Dr. Gould as a treating physician and, therefore, failed to apply the proper legal standard in evaluating his opinion (including failing to consider whether the opinion should have been given controlling weight under the treating physician rule). *Id*. at pp. 9-10. Plaintiff also argues that the ALJ must explicitly consider each of the regulatory factors in 20 C.F.R. § 404.1527 when determining how much weight a treating physician opinion should receive if it is not given controlling weight, and that the ALJ improperly afforded no weight to Dr. Gould's opinion without explicitly considering all of the regulatory factors, including the frequency, length, nature, and extent of Dr. Gould's

treatment. *Id*. at pp. 9-10. Plaintiff argues that this alleged error cannot be harmless because Dr. Gould's opinion and the RFC contain stark differences in both exertional and non-exertional limitations, and because the vocational expert here indicated that there would be no available work in the national economy if the limitations opined by Dr. Gould were adopted. *Id*. at pp. 10-11.

Second, Plaintiff argues that this matter should be remanded because the ALJ failed to afford Plaintiff due process. *Id*. at pp. 11-12. Specifically, Plaintiff argues that his attorney requested the Social Security Administration's assistance to fully develop the record by obtaining medical records from St. Elizabeth's Medical Center, but that the ALJ took no action on Plaintiff's May 2016 request prior to the June 7, 2016 hearing. *Id*. Plaintiff argues that the Administration instead requested these records following the hearing and added them to the administrative record as Exhibit B11F without "proffer[ing] them to Plaintiff or his representative pursuant to HALLEX 1-2-7-30." *Id*. at p. 12. Plaintiff argues that, as a result, he never had an opportunity to comment on the records, refute them, request a supplemental hearing, or request a subpoena prior to a decision being made on his claim and that this failure denied him his right to a full and fair adjudication of his claim. *Id*.

*2. Defendant's Motion for Judgment on the Pleadings*

Three arguments are made in support of Defendant's Motion for Judgment on the Pleadings. Dkt. No. 12, ("Def.'s Mem. of Law") at pp. 5-9. First, Defendant argues that the ALJ carefully considered all of the evidence when determining that Plaintiff retained the

ability to perform a restricted range of light work with non-exertional limitations. *Id*. at p. 7. Specifically, Defendant argues that, in determining the RFC, the ALJ properly considered (but gave little weight to) the assessment form completed by Dr. Gould in July 2014 because the form provided no rationale for its findings, pointed to no objective findings or imaging that would bolster its conclusions, or to treatments that had been tried or failed, and made no mention of the length, nature or frequency of the treatment relationship. *Id*. Defendant argues that the ALJ was entitled to give less weight to an opinion lacking any evidentiary support or narrative detail, such as Dr. Gould's. *Id*.

Defendant also argues that the ALJ noted that the form "is internally inconsistent, as it expressly finds minimal findings on objective tests, thus undercutting its own validity." *Id*. Defendant notes that Dr. Gould's own treatment notes include concern regarding exaggeration, symptom magnification, a suspicious number of accidents resulting in Plaintiff asking for more opioid pain medication, and a determination that Plaintiff had failed to show for a pill count, leading to a permanent bar on opioid prescriptions. *Id*. at pp. 7-8. Defendant argues that the ALJ also noted that the limitations assessed in Dr. Gould's opinion were inconsistent with Plaintiff's own reported activities of daily living. *Id*. at p. 8.

Second, Defendant argues that the ALJ did perform an analysis of the regulatory factors related to a treating physician's opinion (albeit briefly) because the ALJ's critique of the opinion implicitly invoked the relevant factors. *Id*. Defendant recounts that the Second Circuit has held that remand is not warranted for a slavish recitation of each and every factor

where the ALJ's reasoning and adherence to the rulings and regulations are already abundantly clear. *Id*. at pp. 8-9.

Third, Defendant contends that Plaintiff has not shown that he was denied due process. *Id*. at p. 9. Specifically, Defendant argues that Plaintiff's counsel requested that the ALJ update the medical records after the administrative hearing and never stated that he would need a second hearing to comment on or contest those records. *Id*. Defendant also argues that Plaintiff's counsel said that the record would be complete when those updated records were received. *Id*. Defendant notes that, although Plaintiff objected to the Appeals Council that he should have been given an opportunity to comment, he never identified any actual commentary or objections that he had with that evidence. *Id*. Defendant also argues that, on appeal to this Court, Plaintiff's sole objection is that he should have been allowed a chance to comment, but puts forth no argument that this evidence was especially noteworthy or undeserving for any reason. *Id*. Defendant argues that, because Plaintiff has identified no actual problem with the evidence, his argument is without merit. *Id*.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by

substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of

the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

#### A. Whether Substantial Evidence Supports the ALJ's Consideration of Dr. Gould's Opinion

The Second Circuit has long recognized the "treating physician rule" set out in 20 C.F.R. § 416.927(c). "'[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.'" *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)). However, there are situations where the treating physician's opinion is not entitled to controlling weight, in which case the ALJ must "explicitly consider, *inter alia*: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Greek v. Colvin*, 802 F.3d at 375 (internal quotation marks omitted) (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013)). However, "[w]here an ALJ's reasoning and adherence to the Regulations is clear, she is not required to explicitly go through each and every factor of the Regulation." *Blinkovitch v. Comm'r of Soc. Sec.*, 2017 WL 782979, at *4 (N.D.N.Y. Jan. 23, 2017), *report and recommendation adopted*,

2017 WL 782901 (N.D.N.Y. Feb. 28, 2017) (citing *Atwater v. Astrue*, 512 Fed. Appx. 67, 70 (2d Cir. 2013)). After considering these factors, "the ALJ must 'comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion.'" *Greek v. Colvin*, 802 F.3d at 375 (quoting *Burgess v. Astrue*, 537 F.3d at 129).

On July 23, 2014, Dr. Gould completed a physical RFC assessment, opining that Plaintiff could lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, sit for up to six hours, stand and/or walk for up to four hours, bend or twist at the waist occasionally, and use his hands and fingers for repetitive tasks frequently. Tr. at p. 340. Dr. Gould also opined that Plaintiff's pain was frequently severe enough to interfere with attention and concentration, that Plaintiff would be absent more than three times a month, and that his medication side effects included fatigue and drowsiness. *Id*. Dr. Gould did not list specific diagnoses on this form. *Id*. It appears that Dr. Gould also noted that there were "minimal findings on objective tests" in response to the question of what clinical findings, laboratory and test results showed Plaintiff's medical impairments. *Id*. In his analysis of the opinion evidence, the ALJ did not state that this opinion was from Dr. Gould, but identified it as "the checked box form" at Exhibit B3F and afforded it little weight, noting

> [t]he form has no rationale, no specific tests or exams, no specific treatment, and assesses limits inconsistent with the claimant's activities. There is no evidence of the source-claimant relationship, treatment frequency, or treatment relationship. And the "minimal findings" comment is inconsistent with the limits.

Tr. at pp. 23 & 340.

Plaintiff contends that the ALJ did not properly apply the treating physician rule when considering Dr. Gould's opinion, improperly affording little weight to this opinion and failing to explicitly consider all of the required regulatory factors. While it appears to the Court that there might well be reasons for affording Dr. Gould's assessment limited weight, it is not clear from the record that the ALJ properly considered and applied the treating physician rule here and that failure requires remand. *Greek v. Colvin*, 802 F.3d at 375 ("failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand").

While the ALJ's analysis does not indicate an explicit recitation of the regulatory factors, his analysis nonetheless shows that he did consider some of those factors. The regulations require consideration of the supportability and consistency of the opinion in light of the other medical evidence in the record. 20 C.F.R. § 416.927(c)(3)-(4). The ALJ's opinion noted that Dr. Gould's opinion was based on "minimal findings" from objective tests. Tr. at p. 23 (quoting Tr. at p. 340). The ALJ also specifically made note of inconsistencies between the limitations proffered by Dr. Gould's opinion and both the objective evidence and Plaintiff's own activities. *Id.* This was clearly sufficient to satisfy the ALJ's obligation to specifically address these factors.

As to other required considerations, however, the ALJ's decision falls short. Also relevant under the treating physician rule are the frequency, length, nature, and extent of treatment. 20 C.F.R. § 416.927(c)(1)-(2). The ALJ's decision stated that "[t]here is no

evidence of the source-claimant relationship, treatment frequency, or treatment relationship." Tr. at p. 23. While correct that the RFC form filled out by Dr. Gould did not contain that information, the record as a whole has significant evidence regarding the frequency, length, nature, and extent of treatment. Treatment notes in the record establish that Plaintiff treated with Dr. Gould, or others in his practice, from November 2012 through March 2016. Tr. at pp. 386-476 & 495-586. Those records show a history of procedures, evaluations, and pain management appointments involving Dr. Gould. *Id.* Given that information, it is unclear whether the ALJ was unaware of or failed to consider the treatment history in those records and Dr. Gould's role in it, failed to recognize that the check-box form he discussed was provided by Dr. Gould, or simply took issue with Dr. Gould's failure to describe the nature of his treating relationship with Plaintiff in the form itself. Absent more explanation, the ALJ failed to "comprehensively set forth his reasons," *Burgess v. Astrue*, 537 F.3d at 129, for his findings in this regard and the Court cannot determine whether the ALJ properly addressed this factor, and it creates uncertainty as to whether the reasons expressed were flawed. This uncertainty favors remanding the matter. *Carlsen v. Berryhill*, 2017 WL 4155333, at *13 (E.D.N.Y. Sept. 19, 2017) (directing remand where "the ALJ failed to explicitly consider several factors such as the frequency of [doctor's] examinations of plaintiff; [and] the length, nature, and extent of the treatment relationship").

Moreover, under the controlling regulations, the ALJ should also have considered whether the treating physician is a specialist, 20 C.F.R. § 416.927(c)(5), and the ALJ did not

do so in this case. This is particularly important in light of the Commissioner's regulations which indicate that Defendant will "generally give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist." 20 C.F.R. § 416.927(c)(5); *see also Pomales v. Berryhill*, 2017 WL 1546476, at *3 (W.D.N.Y. May 1, 2017) (applying this regulation to opinion of pain management specialist). The ALJ made no reference to whether Dr. Gould was a specialist. Nor is this a case where the ALJ implicitly articulated anything about whether Gould was a specialist, or discussed this elsewhere in his determination. *See Jones v. Colvin*, 2017 WL 758511, at *5 (N.D.N.Y. Feb. 27, 2017) ("The ALJ's detailed review of Dr. Ho's treatment records, and acknowledgment that plaintiff sought treatment with Dr. Ho for back pain, suffices to demonstrate that the ALJ considered her specialty"); *Morris v. Comm'r of Soc. Sec.*, 2014 WL 1451996, at *5 (N.D.N.Y. Apr. 14, 2014) (finding treating physician rule satisfied where ALJ's decision implicitly recognized treating doctor as a specialist).

An error in weighing a physician's opinion may be considered harmless where proper consideration of that opinion would not change the outcome of the claim. *Cottrell v. Colvin*, 206 F. Supp. 3d 804, 810 (W.D.N.Y. 2016) (citing *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010)); *Camarata v. Colvin*, 2015 WL 4598811, at *16 (N.D.N.Y. July 29, 2015) (denying the request for remand because application of the correct legal standard would not change the outcome). Here, however, relevant components, including the frequency, length, nature and extent of treatment and whether Plaintiff's provider was a specialist, were not

meaningfully analyzed. Such an error cannot be deemed harmless when proper application of the treating physician rule may have led to a different conclusion. *Schall v. Apfel*, 134 F.3d 496, 504-05 (2d Cir.1998) (ALJ's failure to adhere to the Regulations regarding the weight to be given to the opinion of a treating physician was not harmless, in part because "application of the correct legal standard does not lead inexorably to a single conclusion"); *Burgess v. Colvin,* 2016 WL 7339925, at *13 (S.D.N.Y. Dec. 19, 2016) (error not harmless and remand warranted when ALJ provided only "minimal discussion" of treating physician factors).

Accordingly, this matter will be remanded for further consideration, including a more detailed analysis of the relevant treating physician factors as it relates to the weight that should be afforded to Dr. Gould's opinion.

### B. Whether the ALJ Violated Plaintiff's Due Process Rights by Failing to Proffer Exhibit B11F to Plaintiff or His Attorney Prior to Entering it into the Record

Plaintiff also raises an alleged violation of her due process rights during the proceedings before the Commissioner. "A claim of entitlement to social security benefits triggers Due Process Clause protections." *Pokluda v. Colvin*, 2014 WL 1679801, at *3 (N.D.N.Y. Apr. 28, 2014) (citing *Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976)). Generally, due process requires only that the proceedings in the context of an administrative social security hearing be "full and fair." *Id*. (citing *Richardson v. Perales*, 402 U.S. at 401-02; *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)).

Here, Plaintiff alleges a due process violation because the Social Security Administration never proffered additional records (which were obtained by the ALJ upon Plaintiff's attorney's request) to Plaintiff or his attorney prior to them being admitted into the record. For the reasons set forth below, there was no due process violation in the way the ALJ handled these records.

First, the Court notes that the ALJ was acting within his duty to develop the administrative record and in response to a specific request by Plaintiff's attorney at the June 2016 administrative hearing for additional records. Tr. at pp. 70, 72-74; *Burgess v. Astrue*, 537 F.3d at 128. At the hearing, Plaintiff's counsel stated that the record was not complete and noted that he had requested assistance in early May 2016 to obtain additional medical records from St. Elizabeth Medical Center. Tr. at pp. 72-74 & 249. He indicated that, if those records were received, he believed the record would be complete. Tr. at p. 73. The record indicates that additional medical records from St. Elizabeth Medical Center were received and added into the record as Exhibit B11F. Tr. at pp. 626-840. The ALJ therefore complied with his duty to assist Plaintiff in developing the record and obtained records that Plaintiff's attorney requested.

Second, the HALLEX provision cited by Plaintiff "constitute[s] [an] internal agency document[] without force of law. . . . 'Therefore, [it] do[es] not create judicially enforceable duties, and we will not review allegations of noncompliance with [its] provision[].'" *Delgrosso v. Colvin*, 2015 WL 3915944, at \*6 n.18 (N.D.N.Y. June 25, 2015) (citing *Jones-*

*Reid v. Astrue*, 934 F. Supp.2d 381, 407-08 (D. Conn. 2012)); *Valet v. Astrue,* 2012 WL 194970, at *12 n. 21 (E.D.N.Y. Jan. 23, 2012); *Doherty v. Astrue,* 2009 WL 1605360, at *8 (N.D.N.Y. June 5, 2009)) (internal citations omitted). The Court is therefore not bound to find error based on a duty to proffer records found in HALLEX.

Third, as Defendant notes, although Plaintiff argued to the Appeals Council that he should have been given an opportunity to comment on these records, he never identified any actual commentary or objections that he had related to this evidence. Tr. at p. 251. Additionally, Plaintiff's Memorandum of Law neither identifies an issue with the evidence itself nor contradicts his attorney's statement to the ALJ at the hearing that the record would be complete after receipt of those records. Notably, Plaintiff neglects to explain how this evidence is distinguishable from any of the evidence he submitted in light of his attorney's specific request for assistance from the ALJ in obtaining this evidence.

The Court finds any error by the ALJ in failing to proffer this evidence to Plaintiff and/or his attorney is, at most, harmless, particularly because Plaintiff has not identified any objections he would have made to the evidence had it been proffered. Remand is therefore not required on this basis. Moreover, those records are now a part of the record and may be addressed by Plaintiff to the extent he believes them relevant on remand.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED**, that the Commissioner's decision denying disability benefits is **REVERSED** and this matter be **REMANDED** to the Commissioner, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with the above.

Dated: September 5, 2018
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge